## John Leuder

v.

## The People.

Practice—Instructions.—It is the duty of the court to give, or refuse to give instructions, when asked by either party. Because, in criminal cases, the jury are made judges of the law as well as the facts, is no reason why the court should refuse to instruct the jury on the law of the case, when requested.

Error to the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding. Opinion filed April 2, 1880.

Mr. William C. Kueffner and Mr. James M. Dill, for plaintiff in error; as to what constitutes the crime of adultery, cited Searls v. The People, 13 Ill. 597; Miner v. The People, 58 Ill. 59.

The court erred in refusing to instruct the jury as to the law of the case: Peri v. The People, 65 Ill. 17; Kepperly v. Ramsden, 83 Ill. 354; Rev. Stat. 781, § 54.

In prosecutions of this character the marriage of the defendant must be proved; 2 Greenleaf's Ev. § 461; Lowry v. Coster, 11 Chicago Legal News, 330.

Mr. Geo. W. Brockhaus, for defendant in error; that it was sufficient to prove the crime by circumstances which raise the presumption of cohabitation or unlawful intimacy, cited Crim. Code, § 12; Searls v. The People, 13 Ill. 597.

Marriage was sufficiently proved: Rev. Stat. 1874, Chap. 89, § 4.

There was no error in refusing defendant's instructions, the jury being judges of the law as well as fact: Cook v. Hunt,

24 Ill. 535; McKenzie v. Remington, 79 Ill. 388; Calef v. Thomas, 81 Ill. 478; Wickersham v. The People, 1 Scam. 128; Schnier v. The People, 23 Ill. 17; Fisher v. The People, 23 Ill. 283; Adams v. The People, 47 Ill. 376.

CASEY, J.   The appellant and one Catharine Felt, were indicted by the grand jury of St. Clair county, for the crime of adultery and fornication.   At the September term 1877, of the St. Clair Circuit Court, appellant had a trial on said charge before a jury, and a verdict of guilty was returned by the jury. The counsel for appellant entered a motion for a new trial in writing.   One of the causes given why a new trial should be granted was, that "the court erred in refusing to instruct the jury as to the law of the case."   The motion was refused by the court, exceptions were taken, and the defendant sentenced to pay a fine of fifty dollars, costs, etc.   An appeal was prayed to this court, which was allowed, and various errors are assigned. It is not deemed necessary to discuss any of them except the third, which is that, "the court erred in refusing to instruct the jury as to the law in the case."   The record shows that the attorneys for appellant as well as for the prosecution, during the progress of the trial, presented to the court a number of instructions. The court wholly failed to give or refuse either of said instructions, to which ruling of the court exceptions were taken.   The bill of exceptions contains the following somewhat remarkable statement, which we presume is intended as explanatory of the action of the judge presiding at the time of the trial of said cause, to wit:   "The reason of such refusal to give said instructions is, that the counsel in the case stated to the jury that they, the jury, were the judges of the law as well as the fact.   It not being remembered which side made the statement."

It may have been the State's attorney or it may have been the attorneys for appellant; it is not material—they were simply stating what is and has been the law in this State for many years.   It does not seem possible that the rights of appellant can be limited or prejudiced by a statement made by counsel engaged in the trial of the cause as to what the law is. The statute provides that "juries in all criminal cases shall be

judges of the law and the fact." Underwood's Statute, § 11, 487.

In Schnier v. The People, 23 Ill. 29, the Supreme Court says: "They (the jury) are not bound by the opinion of the judge as to what the law is; and while they may disregard the instructions of the court, it is none the less the duty of the court, if requested by either party, or by the jury, to instruct them what the law is." While the jury are the judges of the law and the fact in criminal cases, and may even disregard the instructions given them, still it is their duty, beyond question, to carefully and respectfully consider the law as given them by the court in instructions. It may well be considered that the judge, after many long years of study and research, is better advised of what the law is, than the jury.

A learned judge, while holding that the jury are the judges of the law and the fact in criminal cases, very aptly says: "It is their duty to reflect whether, from their habits of thought, their study and experience, they are better qualified to judge of the law than the court."

The statute provides as follows: "And when instructions are asked which the judge cannot give, he shall on the margin thereof write the word 'refused,' and such as he approves he shall on the margin thereof write the word given; and he shall in no case after instructions are 'given,' qualify, modify, or in any manner explain the same to the jury otherwise than in writing." Underwood's Statute, § 54, 973.

The Statute is imperative; to give or refuse the instructions asked is an official duty that cannot be avoided. It is the law of the State, and however obnoxious it may be, while it remains a part of the statute it is alike obligatory on all to obey it.

In the case of Peri v. The People, 65 Ill. 17, it is said that " It is the duty of the judge trying the cause to see that the law is fully and fairly given to the jury, that they may act intelligently in forming their verdict." That because the jury are the judges of the law and the fact, and may disregard the instructions of the court if they are satisfied on their oaths that he is wrong, does not relieve the judge from the duties and obligations imposed on him by law. In the case of Kep-

Leuder v. The People.

perley v. Ramsden, 83 Ill. 355, the Supreme Court say in sub-
stance, that it is obligatory on the court to mark all instruc-
tions asked for at any stage of the case, as given or refused,
and any rule relieving the judge from that duty is in contraven-
tion of the statute. It seems that counsel have a clear right to
require the judge to give an instruction asked for when the
same is in conformity with the law and the facts in the case,
and if in the opinion of the court, the jury may not fully com-
prehend it, or may be misled, and injustice done thereby, then
it is the province and duty of the court to give such additional
instructions or explanations as may obviate any danger of
misapprehension on the part of the jury, and the court may of
his own accord instruct or explain to the jury as to the law in
the case, provided such instructions or explanations are reduced
to writing. State v. Wilson, 2 Scam. 226. The right to have
instructions by the court as to the law in the case is fundamen-
tal; the grand and only object being that the law in its pu-
rity may be administered, and thereby equal and exact justice
done. In this case the liberty and property as well as the fair
fame of the citizen is involved in the result, and he cannot be
deprived of a fundamental right, or his interests jeopardized by
what may be a failure of the administration of the law.

Thus it seems that by the ruling of the court the appellant
without any fault on his part and without any fault or negli-
gence on the part of his counsel was deprived of a legal right.
It is immaterial what might have been the result, had the in-
structions been given as required by law. Even if he was the
worst criminal or law breaker in the country, he had a legal
right to a fair and impartial trial in accordance with the pro-
visions and forms of the law. Whether he be guilty or inno-
cent it is the imperative duty of the court to see to it that he
has a fare and impartial trial, and he cannot without his con-
sent be deprived of a single one of the safeguards that the law
in its mercy and clemency throws around him; the protection
the law gives to the innocent and guilty alike, and then after
having had a fair and impartial trial, an intelligent jury, ad-
vised by the court as to what the law is, will determine as to
the innocence or guilt of the defendant. As this cause must

be heard again, no opinion is expressed as to the innocence or guilt of the defendant. The motion for a new trial should have been allowed. Therefore the judgment of the circuit court is reversed, and the cause remanded, with instruction to award appellant a new trial.

Reversed and remanded.